JOHN A. DICICCO
Principal Deputy Assistant Attorney General

YONATAN GELBLUM
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044
(202) 305-3136
Yonatan.Gelblum@usdoj.gov
YG 8750
Counsel for the United States

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CCTS TAX LIENS I., L.L.C.,<br>141 Shreve Ave.<br>Barrington, NJ 08007 | : | |
| Plaintiff, | : | |
| v. | : | |
| DAVID F. CETTEI,<br>30 Stagecoach Road<br>Cape May Court House, NJ 08210 | : | Civil No.<br>1:12-cv-00165-RMB-JS |
| KATHLEEN M. CETTEI<br>30 Stagecoach Road<br>Cape May Court House, NJ 08210 | : | (formerly No. F-4069-11 in the<br>Superior Court of New Jersey,<br>Chancery Division, Cape<br>May Count) |
| UNITED STATES OF AMERICA, | : | |
| Defendants, | : | |

7755467.1

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
|     Counterclaimant and Cross-claimant, | : |
| | : |
| v. | : |
| | : |
| CCTS TAX LIENS I., L.L.C.,<br>141 Shreve Ave.<br>Barrington, NJ 08007, | : |
| | : |
|     Counterclaim defendant, | : |
| | : |
| DAVID CETTEI,<br>30 Stagecoach Road<br>Cape May Court House, NJ 08210 | : |
| | : |
|     Cross-claim defendant, | : |
| | : |
| KATHLEEN M. CETTEI,<br>30 Stagecoach Road<br>Cape May Court House, NJ 08210 | : |
| | : |
|     Cross-claim defendant, | : |
| | : |
| MIDLAND FUNDING LLC,<br>8875 Aero Dr.<br>San Diego, CA 92123 | : |
| | : |
|     Counterclaim defendant, | : |
| | : |
| NEW JERSEY MOTOR VEHICLES COMMISSION,<br>P.O. Box 160<br>Trenton, NJ 08666 | : |
| | : |
|     Counterclaim defendant, | : |
| | : |

7755467.1

| | |
|---|---|
| **CRUSADER SERVICING** | : |
| **CORPORATION,** | : |
| **179 Washington Lane** | : |
| **Jenkintown, Pennsylvania 19046** | : |
| | : |
| **Counterclaim defendant.** | : |

..............................................................

## ANSWER, CROSS-CLAIM, AND COUNTERCLAIM

Defendant, the United States of America, by and through its attorneys, answers the numbered paragraphs of Plaintiff's amended complaint as follows:

1. The United States lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 1 of Plaintiff's amended complaint.

2. The United States lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 2 of Plaintiff's amended complaint.

3. The United States lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 3 of Plaintiff's amended complaint.

4. The United States lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 4 of Plaintiff's amended complaint.

5. The United States lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 5 of Plaintiff's amended complaint.

6. The United States lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 6 of Plaintiff's amended complaint.

7. The United States lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 7 of Plaintiff's amended complaint.

8. The United States lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 8 of Plaintiff's amended complaint.

9. The United States denies the allegations in ¶ 9 of Plaintiff's amended complaint.

10. The United States denies the allegations in ¶ 10 of Plaintiff's amended complaint.

11. The United States denies the allegations in ¶ 11 of Plaintiff's amended complaint.

12. The United States denies the allegations in ¶ 12 of Plaintiff's amended complaint.

13. The United States denies the allegations in ¶ 13 of Plaintiff's amended complaint.

14. The United States lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 14 of Plaintiff's amended complaint.

15. The United States lacks sufficient knowledge or information to form a belief about the truth of the allegations in ¶ 15 of Plaintiff's amended complaint.

16. The United States denies the allegations in ¶ 16 of Plaintiff's amended complaint.

17. The United States admits that the record owners of the property described in the attachment to the complaint are David Cettei and Kathleen Cettei and lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in ¶ 17 of Plaintiff's amended complaint.

18. The United States admits that it holds a lien against David Cettei, and has recorded a notice thereof, bearing instrument no. 209315005, in Cape May County on or around January 24, 2005, and denies the remaining allegations in ¶ 18 of Plaintiff's amended complaint.

WHEREFORE, Defendant, the United States of America, prays that this Court

A.  Dismiss Plaintiff's amended complaint with prejudice;

B.  Grant the United States its costs of defending this action; and

C.  Grant such other and further relief as the Court may deem just and proper.

## COUNTERCLAIM AND CROSSCLAIM

Counterclaimant and crossclaimaint the United States, complains of the counterclaim and cross-claim defendants as follows:

1.  By its counterclaim and cross-claim, the United States seeks to foreclose its tax liens on real property in Cape May County that is the subject of Plaintiff's complaint and sell such property pursuant to an order of this Court.  Further, pursuant to Fed. R. Civ. P. 18, the United States also asserts a crossclaim to reduce to judgment assessments of federal income tax made against crossclaim defendant David F. Cettei.

2.  This counterclaim and cross-claim is commenced at the request and with the authorization of the Chief Counsel for the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, pursuant to 26 U.S.C. §§ 7401 and

7403.

3. Jurisdiction over this action is conferred upon this Court by virtue of 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

4. Venue is proper in this district and division under 28 U.S.C. § 1391(b)(2), because the real property at issue is located within this judicial district, and under 28 U.S.C. § 1396 because the liability for the taxes at issued accrued in this district.

## PARTIES

5. Counterclaimant and crossclaimant the United States of America is a sovereign body politic.

6. Counterclaim defendant CCTS Tax Liens I, L.L.C. commenced this action.

7. Crossclaim defendant David F. Cettei has an address of 30 Stagecoach Road, Cape May Court House, New Jersey 08210. The Court has jurisdiction over David Cettei because he resides in this District and is the owner of the subject property that is in this district.

8. Crossclaim defendant Kathleen M. Cettei has an address of 30 Stagecoach Road, Cape May Court House, New Jersey 08210. The Court has jurisdiction over Kathleen M. Cettei because she resides in this District and may claim an interest in the subject property that is in this district.

9. Counterclaim defendant Midland Funding LLC has an address of 8875 Aero Dr., San Diego, California 92123. The Court has jurisdiction over Midland Funding LLC. because it may claim an interest in the subject property that is in this district.

10. Counterclaim defendant New Jersey Motor Vehicles Commission. has an address of P.O. Box 160, Trenton, New Jersey 08666. The Court has jurisdiction over New Jersey Motor Vehicles Commission because it may claim an interest in the subject property that is in this district.

11. Counterclaim defendant Crusader Servicing Corporation. has an address of 179 Washington Lane, Jenkintown, Pennsylvania 19046. The Court has jurisdiction over Crusader Servicing Corporation because it may claim an interest in the subject property that is in this district.

CLAIM FOR RELIEF

COUNT I - CROSS-CLAIM TO REDUCE ASSESSMENTS TO JUDGMENT

12. The allegations of ¶¶ 1-11 are repeated as if fully set forth herein.

13. On or around January 31, 2002, a delegate of the Secretary of Treasury of the United States assessed defendant David F. Cettei income tax in the amount of $13,860 for the 1991 tax year.

14. Proper notice and demand for payment of the assessment described in ¶ 13

was made on defendant David F. Cettei.

15. The amount of $33,114.66, including interest, penalties and costs that have accrued and will continue accruing according to law, is due and owing to the United States as of October 17, 2011 as a result of the assessment described in ¶ 13.

16. On or around January 31, 2002, a delegate of the Secretary of Treasury of the United States assessed defendant David F. Cettei income tax in the amount of $3,844 for the 1995 tax year.

17. Proper notice and demand for payment of the assessment described in ¶ 16 was made on defendant David F. Cettei.

18. The amount of $550.41, plus interest, penalties and costs accrued and accruing according to law, is due and owing to the United States as of October 17, 2011 as a result of the assessment described in ¶ 16.

19. On or around February 18, 2002, a delegate of the Secretary of Treasury of the United States assessed defendant David F. Cettei income tax in the amount of $1,713.00 for the 1997 tax year.

20. Proper notice and demand for payment of the assessment described in ¶ 19 was made on defendant David F. Cettei.

21. The amount of $5,183.41, plus interest, penalties and costs accrued and

accruing according to law, is due and owing to the United States as of October 17, 2011 as a result of the assessment described in ¶ 19.

22. On or around December 15, 2003, a delegate of the Secretary of Treasury of the United States assessed defendant David F. Cettei income tax in the amount of $140,592 for the 1999 tax year.

23. Proper notice and demand for payment of the assessment described in ¶ 22 was made on defendant David F. Cettei.

24. The amount of $402,156.27, plus interest, penalties and costs accrued and accruing according to law, is due and owing to the United States as of October 17, 2011 as a result of the assessment described in ¶ 22.

25. The aforementioned assessments were correctly made in accordance with law.

WHEREFORE, the United States prays that this Court:

A. Adjudge crossclaim defendant David F. Cettei to be indebted to the United States in the amount of $441,004.75 as of October 17, 2011, plus interest, penalties and costs accruing after that date;

B. Grant such other and further relief as the Court may deem just and proper.

COUNT II - FORECLOSE ON REAL PROPERTY(CROSS-CLAIM)

26. The allegations of ¶¶ 1-25 are repeated as if fully set forth herein.

27. By reason of the assessments described in ¶¶ 13, 16, 19 & 22 above, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322, and said tax liens attached to all property and rights to property then owned or thereafter acquired by David F. Cettei.

28. A Notice of Federal Tax Lien reflecting the liabilities described in ¶¶ 13, 16, 19 & 22 above was filed with the Cape May County Clerk on or around January 24, 2005.

29. David F. Cettei acquired title to certain real property, to which the tax liens described in ¶ 27 attached, located in Cape May Court House, New Jersey (the "Real Property"), and more particularly described as:

> ALL THAT CERTAIN LOT, tract or parcel of land and premises situate, lying, and being in the Township of Middle, County of Cape May and State of New Jersey, bounded and described as follows:
>
> BEGINNING at a point in the Southeasterly line of Stagecoach Road (50 feet wide) 200 feet on a course of South 19 degrees 53' 30" West from a concrete monument at an angle point in said Southeasterly line of Stagecoach Road, said beginning point being also in the division line between Lots 4.02 and 4.03 on plan aforesaid; thence extending
>
> 1) South 70 degrees 06' 30" East along said dividing line between Lots 4.02 and 4.03, 298.34 feet to the

> Northwesterly line of lands now or formerly of Mary Jane Witham Estate; thence
>
> 2) South 19 degrees 06' 53' 30" West, along said line of Estate, 100.01 feet to the division line between Lots 4.03 and 4.04; thence
>
> 3) North 70 degrees 06' 30" West, along the last mentioned dividing line, 299.53 feet to the Southeasterly line of Stagecoach Road; thence
>
> 4) North 19 degrees 53' 30" East, along said Southeasterly line of Stagecoach Road, 100 feet to the point and place of beginning.
>
> COMPRISING Lot 4.03 as shown on "Subdivision of Saddle Oak, Section 1, Lot 4A, Block 166, Township of Middle, Cape May County, New Jersey" made by Alvin C. Herman and Associates, Inc., C.E. and L.S., October 15, 1977 duly filed December 6, 1977 (File #1677).
>
> ALSO KNOWN as Block 166, Lot 4.03 as shown on the current tax map of the Township of Middle.
>
> BEING the same premises which Irv Watson and Ruth Ann Watson, his wife by Deed dated February 2, 1981 and recorded February 2, 1981 in Deed Book 1467 Page 214 in Cape May County Clerk's Office granted and conveyed unto David Beard and Connie Beard, his wife, as tenants by the entireties.

Also commonly known as 30 Stagecoach Road, Cape May Court House, NJ 08210.

30. Counterclaim defendant CCTS Tax Liens, I, L.L.C. may claim an interest in the Real Property based on a tax sale certificate.

31. Cross-claim defendant Kathleen M. Cettei may claim an ownership interest in the Real Property.

32. Counterclaim defendant Midland Funding, L.L.C. may claim an interest in the Real Property based on a Superior Court judgment.

33. Counterclaim defendant New Jersey Motor Vehicles Commission may claim an interest in the Real Property based on a statutory lien.

34. Counterclaim defendant Crusader Servicing Corporation may claim an interest in the Real Property based on a tax sale certificate.

35. The federal tax liens that attach to the Park Ridge Property should be foreclosed, the property should be sold, and the proceeds applied to the federal tax liabilities of David F. Cettei.

WHEREFORE, plaintiff, the United States of America, prays as follows:

C.  That the Court order, adjudge, decree, and declare that the United States of America has valid and subsisting Federal tax liens by virtue of the assessments described in paragraphs 13, 16, 19 & 22, above, on all property and rights to property owned on or acquired after the date of the assessments described in paragraph 13, 16, 19 & 22, above, by David F. Cettei, and specifically upon the real property described in paragraph 29;

D.  That the Court order and adjudge that the Federal tax liens attaching to

the Real Property be foreclosed;

 E. That the Court order, adjudge, decree and declare that the Real Property be SOLD free and clear of any right, title, lien, claim, or interest of any of the parties herein, and that the proceeds from the sale be distributed in accordance with the findings of this Court and the rights of the parties as herein determined;

 F. That the Court award the United States its costs of prosecuting this action; and

 G. That the Court order such other and further relief as the Court deems just and proper under the circumstances.

Dated: January 19, 2012

        Respectfully Submitted,

        JOHN A. DICICCO
        Principal Deputy Assistant Attorney General

        /s/ Yonatan Gelblum
        YONATAN GELBLUM
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 227
        Washington, DC 20044
        (202) 305-3136
        Yonatan.Gelblum@usdoj.gov
        YG 8750
        Counsel for the United States

Certificate of Service

I certify that I caused a copy of the foregoing answer, counterclaim, and cross-claim to be served this 19th day of January, 2012 on the following persons by **certified mail**, postage prepaid:

Adam D. Greenberg, Esquire
Honig & Greenberg, L.L.C.
1949 Berlin Road Suite 200
Cherry Hill, NJ 08003

David F. Cettei
30 Stagecoach Road
Cape May court House, NJ 08210

Kathleen M. Cettei
30 Stagecoach Road
Cape May court House, NJ 08210